# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID GLEN HEARD, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 16-CV-671-JED-JFJ |
| CARL BEAR, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is David Glen Heard's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1). Petitioner challenges his convictions for lewd molestation in Tulsa County District Court, Case No. CF-2006-2945. For the reasons below, the Court will deny the petition.

**I. Background**

This case stems from an incident at a Tulsa Walmart in 2006. (Doc. 10-3 at 2).[1] Petitioner encountered a seven year-old girl, T.D., who was shopping with her mother, Nettie. (*Id.*). He positioned himself on the floor so that he could look up T.D.'s dress. (*Id.*). Nettie confronted Petitioner and tried to move away, but he continued to follow them as they walked towards the swimwear section. (*Id.* at 3). Later, Petitioner encountered nine year-old C.R., who was also shopping at Walmart with her mother. (*Id.*). He initially tried to block C.R.'s path before following her to the shoe department. (*Id.*). C.R. eventually sat on the floor with her knee pulled up to try on a pair of shoes. (*Id.*). Petitioner dropped down and placed his cheek on the floor to look up C.R.'s skirt. (*Id.* at 4). A Walmart employee intervened and contacted security. (*Id.*). Police later

---

[1] The Court finds the OCCA brief accurately sets forth the background facts, which are uncontested. (Doc. 1 at 3) (Petitioner's brief acknowledges that "[w]hat [he] did that prompted these charges is undisputed").

arrested Heard after determining he was a registered sex offender. (*Id.*).

The State charged Petitioner with two counts of lewd molestation after two or more felonies (OKLA. STAT. tit. 21, § 1123).[2] (Doc. 11-12 at 29). Petitioner originally pled guilty to both counts. (Doc. 10-1 at 5). The state judge accepted the plea and sentenced him to a total term of 25 years imprisonment. (*Id.*). The sentence also ran concurrent with Creek County Case No. CF-1998-296 (performing sexual acts in the presence of a child). (*Id.*). After sentencing, Petitioner filed an application for post-conviction relief. (*Id.*). The case eventually proceeded to the Tenth Circuit Court of Appeals, which granted habeas relief and allowed Petitioner to withdraw his plea. (*Id.*).

The state court permitted Petitioner to withdraw his plea, in accordance with the Tenth Circuit's instructions, and Petitioner went to trial on May 12, 2014. (Doc. 11-7). His defense theory was that his actions did not constitute lewd molestation. (Doc. 10-1 at 7). After a four-day trial, the jury convicted Petitioner of all charges and recommended a punishment of 20 years imprisonment on each count. (Doc. 11-10 at 66). The state court sentenced him accordingly, with the sentences running consecutively. (Doc. 11-11 at 9).

Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). By a summary opinion entered September 3, 2015, the OCCA affirmed the conviction and sentence. (Doc. 10-3). Petitioner then sought post-conviction relief, which the OCCA also denied. (Doc. 10-4; *see also* Doc. 10-7). Petitioner filed the instant § 2254 petition (Doc. 1) on November 4, 2016. He identifies four grounds of error:

(Ground 1): The lewd molestation statute is unconstitutionally vague;

(Ground 2): Ineffective assistance of appellate counsel;

---

[2] In Oklahoma, lewd molestation includes "look[ing] upon … the body or private parts" of a child in a "lewd or lascivious manner…." OKLA. STAT. tit. 21, § 1123.

(Ground 3): The trial court erred in admitting Petitioner's statements; and

(Ground 4): Prosecutorial misconduct.

(Doc. 1 at 3, 5, 6, and 8).

Respondent filed an answer (Doc. 10), along with relevant portions of the state court record (Doc. 11). Respondent concedes, and the Court finds, that the Petition is timely. (Doc. 10 at 2); *see also* 28 U.S.C. §§ 2244(d)(1). However, Respondent contends Petitioner failed to exhaust Grounds 1 and 2, and that the remaining claims fail on the merits. (Doc. 10). Petitioner filed a reply brief (Doc. 12) on March 6, 2017, and the matter is ready for review.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, because the OCCA already adjudicated petitioner's claims, this Court may not grant habeas relief unless he demonstrates that the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by [the] Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);3 (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to

---

3    As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

the state court, *id.* at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

4

### A. Void for Vagueness (Ground 1)

Petitioner first argues the lewd molestation statute (OKLA. STAT. tit. 21, § 1123) is unconstitutionally vague as it applies to him. (Doc. 1 at 3). Specifically, he contends the statute does not indicate that looking upon a child's underwear is prohibited. Petitioner further argues the statute could criminalize a wide range of behavior that involves looking at clothed minors.

Respondent contends an anticipatory bar applies to Ground 1 because Petitioner failed to raise it on appeal. Respondent points to the OCCA opinion, which notes Petitioner never argued the lewd molestation statute "was unconstitutionally vague *as applied to him.*" (Doc. 10-3 at 7-8) (emphasis in original). Nevertheless, the OCCA went on to analyze Petitioner's void-for-vagueness challenge based on "the facts of the case at hand," and "on an as-applied basis." (*Id.* at 7). The Court therefore finds no procedural bar exists and will reach the merits of Ground 1.

Section 1123 prohibits "look[ing] upon … the body or private parts of any child under sixteen … in any lewd or lascivious manner by any acts against public decency and morality." OKLA. STAT. tit. 21, § 1123(A)(2). The OCCA concluded such language "sufficiently warned [Petitioner] that positioning himself on the ground in order to look up the skirts of young girls in order to see their vaginal area fell within § 1123(A)(2)'s" definition of criminal conduct. (Doc. 10-3 at 8). The opinion noted that the "lewd and lascivious manner" requirement narrowed the statute, and that Petitioner admitted "to looking at each victim's 'private spot;'" that he realized it was wrong; and that seeing the "little girl in the shopping cart with her legs spread and panties exposed 'got [him] going.'" (*Id.* at 9-10). The OCCA also rejected the notion that § 1123 would criminalize "a casual glance at a [clothed] child." (*Id.* at 11). Citing *Hill v. Colorado*, 530 U.S. 703, 733 (2000), the opinion reasoned that "speculation about possible vagueness in hypothetical situations

5

not before the court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." (*Id.*).

The same general standard applies under Oklahoma and federal law. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Hunter*, 663 F.3d 1136, 1141 (10th Cir. 2011) (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). "When considering a vagueness challenge …, courts begin with 'the presumption that the statute comports with the requirements of federal due process and must be upheld unless satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution." *United States v. Welch*, 327 F.3d 1081, 1094 (10th Cir. 2003). In other words, "all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices....'" *Hunter,* 663 F.3d at 1142 (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)). "Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *United States v. Saffo*, 227 F.3d 1260, 1270 (10th Cir. 2000) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7 (1982)). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Id.*

Having reviewed the record, the Court finds the OCCA reasonably interpreted the facts under federal law. *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (the OCCA ruling "must be objectively unreasonable, not merely wrong; even clear error will not suffice"). The Court agrees that § 1123 cannot be read to criminalize *any* glance at a clothed child, as Petitioner

contends. By its terms, § 1123 is limited to "lewd or lascivious looking" that is directed at the "body or private parts," by "acts against public decency and morality." OKLA. STAT. tit. 21, § 1123(A)(2). The Tenth Circuit has repeatedly held that "lascivious" is not overly vague. *See United States v. Wolf,* 890 F.2d 241, 247 (10th Cir. 1989); *United States v. Reedy*, 845 F.2d 239, 241 (10th Cir. 1988). And, based on common understanding and practices, the "looking" here was lewd, lascivious, and indecent. Petitioner pressed himself against the floor of a Walmart with the explicit purpose of looking up the skirts of seven and nine year-old girls. (Doc. 11-8 at 143-145; 172-175). He did this in close proximity, at one point laying under a seven year-old in her shopping cart, after following the girls or attempting to trap them in the aisles. (*Id.*). An ordinary person would understand this to be prohibited, notwithstanding any hypothetical threats to "boys' [ability to] look[] at girls." (Doc. 1 at 3). This is particularly true with respect to Petitioner, who was then a registered sex offender; admitted to looking at the girls private spots; and stated he knew it was wrong. (Doc. 10-3 at 9-10). Petitioner therefore "may not successfully challenge [§ 1123] for vagueness," as "[o]ne to whose conduct [it] clearly applies." *Saffo*, 227 F.3d at 1270.

The fact that the children wore underwear is also not determinative of whether Petitioner's conduct was criminal. The Tenth Circuit rejected a similar void-for-vagueness challenge to the lewd molestation statute in *Crowder v. Martin*, 742 Fed. App'x 389, 391 (10th Cir. 2018). *Crowder* observed that § 1123 makes no reference to nudity, and concluded the statute prohibits the touching of both clothed and unclothed children. *Id.* The case implicitly recognizes that the perpetrator's manner, actions, and intent define the criminal conduct, rather than the child's level of dress. Indeed, under Petitioner's interpretation of § 1123 - which only prohibits leering at unclothed genitals - innocence or guilt would turn on whether a seven year-old remembered to wear

7

undergarments that day.

For these reasons, the OCCA's rejection of Petitioner's void-for-vagueness challenge cannot be characterized as an "extreme malfunction in the state criminal justice system." *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011). Habeas relief is not available on Ground 1.

**B. Ineffective Assistance of Appellate Counsel (Ground 2)**

In Ground 2, Petitioner contends appellate counsel rendered ineffective assistance in connection with his post-trial appeal. (Doc. 1 at 5). The argument is complex and requires some explanation of the case's procedural history. After the Tenth Circuit granted habeas relief in 2013 - finding plea counsel was ineffective - Petitioner expected to receive a new plea deal or for the charges to be dismissed. (*Id.*). Instead, the trial court allowed Petitioner to withdraw the plea, in accordance with the Tenth Circuit's directive, and set the case for trial. He contends appellate counsel should have argued that a trial setting was inadequate to remedy plea counsel's errors.

Alternatively, appellate counsel allegedly should have argued the trial was tainted by a 2009 OCCA opinion issued in Petitioner's own case, *Heard v. State,* 201 P.3d 182 (Okla. Crim. App. 2009). *Heard v. State* denied post-conviction relief in connection with the original plea. The OCCA held that Petitioner could be convicted of lewd molestation even though he did not see the girls' unclothed genitals. Petitioner believes he should have been tried as though it was 2006, when his 2009 OCCA case did not exist. However, to support this argument, Petitioner cites a 2008 OCCA opinion, which held that the lewd photography statute did not prohibit clandestine photographs of people in public places. *See Durant v. State*, 188 P.3d 192 (Okla. Crim. App. 2008).[4]

---

4     Although it is not entirely clear, Petitioner's reply brief appears to raise another claim for ineffective

(i). Procedural Bar

Respondent argues Ground 2 is procedurally barred. Respondent cites the OCCA ruling, which denied post-conviction relief without reaching the merits of Petitioner's ineffective-assistance-of-appellate-counsel claim. The OCCA explained, in relevant part:

> An appealing party must specifically identify how the District Court's decision was error and cite relevant authority supporting the party's contentions. The rule is well established in Oklahoma that a failure to cite authority in support of a contention is insufficient to raise the issue for consideration by the reviewing court. … This Court will not make the appealing party's arguments for him.

(Doc. 10-7 at 4).

The procedural bar doctrine applies if the state court denied a habeas claim "based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). Once the State raises the procedural bar, "petitioner is, at a minimum, required to set forth specific factual allegations as to the inadequacy of the state procedure." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999).

The OCCA opinion cites published authority stating that appellate courts will not address conclusory, unsupported claims on appeal. *See Wilson v. State,* 737 P.2d 1197, 1203 (Okla. Crim.

---

assistance of appellate counsel. (Doc. 12 at 2). Petitioner argues appellate counsel "failed to argue ineffective assistance of trial counsel, in that trial counsel failed to request a dismissal of the information against Petitioner because … § 1123(A)(2) … is factually unconstitutional due to vagueness." *Id.* The Court rejects this argument for two reasons. First, Petitioner cannot raise a claim for the first time in his reply brief. Second, and more importantly, the record clearly controverts the claim. Trial counsel did request dismissal based on the vagueness of the statute, (Doc. 11-13 at 3-14), and appellate counsel raised the void-for-vagueness argument on appeal. (Doc. 10-1 at 2).

App. 1987); *Fox v. City of Tulsa*, 806 P.2d 79, 80 (Okla. Crim. App. 1991). This rule is also codified in the Post-Conviction Procedure Act, OKLA. STAT. tit. 22, §§ 1080-1083. Under that statute, "[p]ost-conviction applications must be accompanied by argument, some citation to relevant authority or legal norms, and specific factual averment(s), which support the specific claim(s) being made in the application." *Logan v. State*, 293 P.3d 969, 979 (Okla. Crim. App. 2013) (citing §§ 1080-1083). The rule is independent, as it relies purely on state law. A survey of Oklahoma caselaw also reflects that the OCCA consistently declines to address conclusory, unspecific claims, particularly those alleging ineffective assistance of counsel. *See, e.g., Logan*, 293 P.3d at 978-979 (Conclusory … claims of ineffective assistance of appellate counsel do not raise a genuine issue of material fact"); *Braun v. State*, 937 P.2d 505, 515 (Okla. Crim. App. 1997) (petitioner waived ineffective-assistance claim with conclusory averments); *Wallace v. State*, 935 P.2d 366, 370 (Okla. Crim. App. 1997) (a "kitchen sink" reference is insufficient to preserve an issue for post-conviction appeal); *Colvard v. State*, 453 P.2d 715, 720 (Okla. Crim. App. 1969) (appellate claims requires more than a "mere assertion that the trial court has erred"). The OCCA therefore denied Ground 2 based on an adequate and independent state procedural rule.

To overcome the default, Petitioner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result from dismissal of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's reply brief appears to contend he could not have raised Ground 2 on appeal due to res judicata, and/or that he failed to exhaust the claim due to ineffective assistance of counsel. Neither argument "show[s] that some objective factor external to the defense impeded ... efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (addressing the

cause standard). Petitioner was free to sufficiently raise Ground 2 on appeal, notwithstanding any potential legal defects in the claim. Moreover, there is no right to counsel in post-conviction proceedings, and he therefore cannot blame counsel for his *pro se* post-conviction procedural default. *See Davila v. Davis,* 137 S. Ct. 2058, 2062 (2017) ("[I]neffective assistance of postconviction counsel generally "does not qualify as cause to excuse a procedural default" because there is no constitutional right to postconviction counsel). The Court concludes that Ground 2 is procedurally barred.

### (ii). Merits of Ineffective-Assistance Claim

Even if Ground 2 were not barred, the Court alternatively finds that it would fail on the merits. A Sixth Amendment deprivation only occurs where: (1) counsel's performance was deficient, and (2) such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to raise an issue on direct appeal does not violate *Strickland* if "the omitted issue is meritless." *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). If the issue has merit, Petitioner must still demonstrate that appellate counsel's failure to raise it was prejudicial. *Id.*

To the extent Petitioner believes he should have received a new plea bargain or that the charges should have been dismissed, that issue is meritless. Although trial counsel requested such relief, (Doc. 11-13 at 3-14), there is no indication it should have been pursued on appeal. A defective plea proceeding is not a basis for dismissal, and the prosecutor has sole discretion as to whether to offer a new plea. *See* Brian R. Means, *Fed. Habeas Manual* § 3:7 (2019) (addressing ineffective assistance in recommending the defendant accept a plea offer, and noting the prisoner should ordinarily be released *unless he is given a new trial*).

Regarding the other argument omitted on direct appeal, the Court is not convinced the OCCA opinion issued in Petitioner's own post-conviction proceeding constitutes an ex-post-facto change in the law. *Heard v. State,* 201 P.3d 182 (Okla. Crim. App. 2009) did not criminalize conduct that was legal in 2006. The opinion simply interpreted § 1123 based on the facts of Petitioner's case before his plea was invalidated on other grounds by the Tenth Circuit. And, even if Petitioner could demonstrate *Heard v. State* changed the law, it is entirely unclear how the ruling prejudiced his 2014 trial. *See United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (A petitioner "must demonstrate both *Strickland* prongs to establish his claim"). There is no indication the 2009 OCCA ruling was incorporated into the jury instructions or otherwise informed the verdict. The instructions track the language of § 1123(A)(2), which has not changed since Petitioner was arrested in 2006. (Doc. 11-12 at 29; *see also* 11-13 at 173). If anything, the instructions were favorable to Petitioner, defining "private parts" as "genitals or sex organs." (Doc. 11-13 at 173). The record therefore contravenes Petitioner's argument that his 2009 OCCA ruling exposed him to ex-post-facto criminal liability, or that appellate counsel should have raised the issue on direct appeal. Ground 2 is barred, and it alternatively fails on the merits.[5]

### C. Admission of Petitioner's Damaging Statements (Ground 3)

Petitioner next contends the state court erred by admitting a portion of his recorded interview with Detective Murphy. (Doc. 1 at 6). The trial court redacted the interview starting at the 70-minute mark, when Petitioner invoked his right to counsel. (Doc. 11-9 at 3). However, Petitioner contends the trial court should have also redacted an exchange at the 63-minute mark,

---

[5] The Court also notes that Petitioner cannot use this habeas proceeding to restore his original plea, as he may wish to do. (Doc. 1 at 5). Any ineffective-assistance Petitioner received in connection with the plea has been remedied and has no bearing on this proceeding.

before he requested counsel. (Doc. 1 at 6-7). Murphy questioned Petitioner about a written note from Petitioner to his probation officer, where he had admitting to going home [presumably from Walmart] and masturbating to the thoughts of the children. (Doc. 10-1 at 22). Petitioner contends that because the note was excluded from evidence, any verbal references thereto should have also been excluded. He also argues that masturbating to images of children does not constitute lewd molestation. (Doc. 1 at 6-7).

The OCCA considered and rejected these arguments on direct appeal. (Doc. 10-3 at 15-16). The ruling was limited to a plain error review, as there was no objection to the challenged portion of the interview. (*Id.* at 16). The OCCA noted the "prosecution is entitled to present … admissions made by a defendant, whether they are truthful, untruthful, or self-contradictory." (*Id.*). The OCCA also concluded the evidence was considered res gestae, *i.e.,* "so closely connected to the charged offense as to form part of the entire transaction." (*Id*. at 16-17). Petitioner admitted to "masterbat[ing] to the mental images of the … victims in the present case." (*Id.* at 17).

"[F]ederal habeas corpus relief does not lie to review state law questions about the admissibility of evidence." *Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001). Habeas courts generally "will not disturb the … evidentiary ruling unless it was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Wilson v. Sirmons*, 536 F.3d 1064, 1101-02 (10th Cir. 2008). "Inquiry into fundamental fairness requires examination of the entire proceedings, including the strength of the evidence against the petitioner...." *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (citing *Donnelly v. DeChristophoro*, 416 U.S. 637, 643 (1974)). "[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must

13

tread gingerly and exercise considerable self-restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002).

Having carefully reviewed the record, the Court finds no fundamental unfairness in this case. The evidence of guilt was overwhelming, even aside from the challenged statements. Petitioner was filmed on camera at Walmart, and he does not controvert the essential facts of this case. (Doc. 1 at 3; *see also* Doc. 11-9 at 26). The statement about masturbation was not even the most incendiary circumstantial evidence in this case; the State also introduced testimony by T.H., who recalled how Petitioner touched her genitals when she was five years old. (Doc. 11-9 at 67, 69). Further, cautionary instruction no. 20 urged that Petitioner's statement to Murphy could only be considered "with great caution and only if [the jurors] determine [the statement] was made … voluntarily." (Doc. 11-13 at 167). Similarly, instruction no. 19 directed the jury that it may not consider other offenses (*i.e.* bad acts) as evidence of guilt or innocence. (*Id.* at 166). On this record, the Court cannot conclude that Petitioner's statements about masturbation rendered the trial fundamentally unfair.[6] Ground 3 therefore fails.

### D. Prosecutorial Misconduct (Ground 4)

Petitioner finally contends the prosecutor's remarks during closing argument deprived him of a fair trial. (Doc. 1 at 8). The prosecutor stated Petitioner should be held accountable for "look[ing] at … kids so that he could go home and masturbate to the thoughts of them." (*Id.*; *see*

---

[6] Petitioner may also be arguing a *Miranda* violation, but it is not entirely clearly. He appears to complain that he did not receive a *Miranda* warning before writing a letter about masturbation to his probation officer. (Doc. 1 at 6). Even if that is true, the OCCA did not address that issue and it is not properly before this Court. Further, he reaffirmed the statements in the letter at the 63-minute mark of the video, at a time when he did agree to speak with police. Any *Miranda* arguments are therefore barred and/or fail.

14

*also* Doc. 11-10 at 16). The OCCA concluded such "comments did not deprive [Petitioner] of a fundamentally fair trial." (Doc. 10-3 at 17-18). The opinion reasoned that the challenged comments were fair based on the trial evidence and did not detract from Petitioner's right to a defense. (*Id.*).

Prosecutorial misconduct implicates the Due Process Clause of the Fourteenth Amendment. However, "inappropriate prosecutorial comments, standing alone," are not sufficient to vacate "a criminal conviction obtained in an otherwise fair proceeding.'" *Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). "The errant remarks must have so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885 (10th Cir. 2019) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Courts should consider "all the surrounding circumstances, including the strength of the state's case" and any cautionary instructions to the jury. *Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006).

Having reviewed the transcripts, the Court cannot disturb the OCCA ruling. As discussed above, the comments were based on the evidence, and were fairly unremarkable in light of the other graphic evidence of guilt. *See Romero v. Franklin*, 243 Fed. App'x 420, 421-22 (10th Cir. 2007) (finding no prosecutorial misconduct where "colorful" comments were "based on the evidence"). Habeas relief is unavailable on Ground 4.

The Court concludes Petitioner's conviction does not violate federal law. *See* 28 U.S.C. § 2254(a). The Petition (Doc. 1) is therefore denied.

## III. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Doc. 1) is denied.
2. A certificate of appealability is denied.
3. A separate judgment will be entered herewith.

ORDERED this 6th day of February, 2020.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT